IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RANDOLPH PAYNE,                    )
                                   )
        Plaintiff,                 )        CIVIL ACTION FILE
                                   )        NO. _____
v.                                 )
                                   )
SPRINGFIELD INVESTMENTS,           )        JURY TRIAL DEMANDED
LLC AND MOHAMMED ABBASI,           )
                                   )
        Defendants.                )

## COMPLAINT

COMES NOW RANDOLPH ("RANDY") PAYNE ("Plaintiff" or "Mr. Payne") and brings this civil action against Defendants SPRINGFIELD INVESTMENTS, LLC and MOHAMMED ABBASI, and states and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for damages and other relief brough by Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* ("FLSA"), as a result of Defendant's failure to pay Plaintiff the minimum wage and overtime wages as required by federal law and for other authorized damages, including without limitation for unlawful retaliation under the FLSA. This civil action also seeks to recover from Defendants unpaid regular wages under Georgia law.

2.     The crux of Plaintiff's claims are that Defendants: (a) failed to pay him at least the federal minimum wage for each hour he worked for Defendants during the last two pay periods of his employment with Springfield Investments, LLC; (b) failed to pay him at least one and one-half times his regular rate of pay for each hour he worked for Defendants over 40 hours in a given workweek; (c) unlawfully retaliated against him by terminating (or constructively terminating him by refusing to pay him) any wages for the last two pay periods he was employed by Defendants after he engaged in protected speech related to his rights under the FLSA; and (d) failed to pay him his regular wages for the last two pay periods he was employed by Defendants.

### THE PARTIES, JURISDICTION AND VENUE

3.     Plaintiff Randolph ("Randy") Payne is a natural person residing in Cleveland, Tennessee.

4.     Defendant Springfield Investments, LLC is a domestic limited liability company doing business in the State of Georgia.  It may be served by and through its registered agent, Mohammed Abbasi, 216 Wax Road, Silver Creek, Floyd County, Georgia.  This Defendant is subject to the personal jurisdiction of this Court.

5.     Defendant Mohammed Abbasi is an individual residing in Floyd County, Georgia who may be served at 216 Wax Road, Silver Creek, Floyd County,

Georgia.  On information and belief, this Defendant is an owner and/or Member of Defendant Springfield Investments, LLC and is actively involved in its day-to-day operations.  This Defendant is subject to the personal jurisdiction of this Court.

6.    At all relevant times, Defendants were each Mr. Payne's "employer" covered by the FLSA.

7.    At all relevant times, Springfield Investments, LLC was a Wendy's franchisee owning and operating multiple Wendy's Old Fashioned Hamburger Restaurants ("Wendy's") in Georgia, Alabama and Tennessee.  Springfield Investments, LLC is and was engaged in interstate commerce by having multiple employees regularly involved in  the purchase and sale of food and beverage produced and shipped from outside the State of Georgia and employees involved in processing credit card transactions involving out-of-state customers and banks.

8.    In each of the last three years, Springfield Investments, LLC had at least $500,000.00 in annual gross volume of sales or business done.

9.    At all relevant times during the last three years, Springfield Investments, LLC had two or more employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

3

10.    Venue is proper in this Court because the acts giving rise to this Complaint occurred in this judicial district.

## FACTS

11.    In or about early 2022, Mr. Payne began providing maintenance and repair services for Defendants at its various Wendy's restaurant locations in Georgia, Alabama and Tennessee.

12.    At all relevant times, Springfield Investments, LLC (improperly) classified Mr. Payne as an independent contractor and paid him a bi-weekly salary of $2,500.00.

13.    Springfield Investments, LLC did not require Mr. Payne to clock-in or clock-out, nor did it otherwise track the number of actual hours he worked each workweek.

14.    Throughout his employment with Springfield Investments, LLC, Mr. Payne regularly worked, on average, no less than 55 hours per workweek, but was never paid any overtime wages.

15.    At all relevant times, Mr. Payne was a salaried, non-exempt employee of Defendants.

16. Having worked for Defendants from early 2022 until May 24, 2024, Mr. Payne had a working relationship with Defendants more akin to an employer-employee relationship than an independent contractor relationship.

17. Mr. Payne's work performing maintenance and repairs for Defendant's Wendy's restaurants in three states was integral to Defendants' business.

18. At all relevant times, Defendants exercised control over many aspects of Mr. Payne's work, and subjected him to various employment rules, formal and informal, written and unwritten.

19. Defendants directly or indirectly controlled Mr. Payne's work schedule by requiring him to be "on call" 24/7 to perform repair or maintenance work at its various Wendy's restaurant locations.

20. Mr. Payne was supervised by Defendant Abbasi.

21. Defendants made considerable capital investment in Defendants' business.

22. Mr. Payne made no capital investment in Defendants' business.

23. Defendants financed all advertising and marketing efforts undertaken on behalf of its business.

24. Mr. Payne made no advertising or marketing efforts in Defendants' business.

25. Springfield Investments, LLC paid all of the costs associated with operating its business.

26. Mr. Payne paid none of the costs associated with operating Defendants' business.

27. Defendants made all the major day-to-day staffing and managerial decisions related to the operations of their business.

28. Mr. Payne made no staffing or managerial decisions related to Defendants' business.

29. At all relevant times, working for Springfield Investments, LLC was Mr. Payne's sole source of income and he was economically dependent upon Springfield Investments, LLC for his livelihood.

30. At all relevant times, Mr. Payne had no opportunity for profit or loss associated with the management of Springfield Investments, LLC.

31. In or about April 2024, Mr. Payne engaged in protected speech with Defendant Abbasi related to his pay and raising various questions to Springfield Investments, LLC Management about his entitlement to be paid overtime wages for working overtime hours.

32. Around this time, Mr. Payne also initiated a complaint with the U.S. Department of Labor about Defendants' refusal to timely pay him what he was owed.

6

33. In response to his protected speech with Defendants, Defendants took several retaliatory actions against Mr. Payne. For instance, Defendants began falsely accusing Mr. Payne of not having worked on days in actually worked; accusing him of not performing his job properly; dispatching him at 11:00 p.m. to respond to emergency repair calls three hours from his home only to find out it was a false report; and began withholding Mr. Payne's regular paychecks, among other things.

34. Defendants would regularly hold Mr. Payne's paychecks for a week or more at a time and accuse him of not working enough hours during a given workweek.

35. In or about May 2024, Springfield Investments, LLC stopped compensating Mr. Payne, effectively terminating his employment.

## COUNT I: VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION

36. Plaintiff restates the allegations in Paragraphs 11 - 35 as if fully set forth.

37. Although "on-call" for repaid work on a "24/7" basis, Mr. Payne typically worked for Defendants, on average, approximately 55 hours per work-week.

38. Pursuant to 29 U.S.C. § 206(a), Defendants were required to pay Mr. Payne at least the federal minimum wage (currently $7.25/hour) for each hour he

worked but did not.  For the last two pay periods of his employment with Springfield Investments, LLC, Defendants paid Mr. Payne nothing.

39.    Because Defendants willfully failed and refused to pay Mr. Payne at least the federal minimum wage for the last two pay periods of his employment, his unpaid minimum wages are subject to liquidated damages under the FLSA.

40.    Defendants are unable to demonstrate good faith compliance with the requirements of the FLSA because it knew or reasonably should have known of its obligations to pay Mr. Payne at least the federal minimum wage for each hour he worked during any given workweek.

## COUNT II: VIOLATION OF THE FLSA'S OVERTIME PAY PROVISION

41.    Plaintiff restates the allegations in Paragraphs 11 - 35 as if fully set forth.

42.    Although "on-call" for repair work on a "24/7" basis, Mr. Payne typically worked for Defendants, on average, approximately 55 hours per work-week.

43.    Pursuant to 29 U.S.C. § 207(a), Defendants were required to pay Mr. Payne overtime pay for each hour he worked for Defendants over 40 hours in any given workweek.

44.     Because Defendants did not pay Mr. Payne one-and-one-half times his regular rate of pay for hours he worked over 40 hours in any given workweek, Defendants are liable to Mr. Payne for his unpaid overtime pay, and equal amount as liquidated damages, and reasonable attorney's fees and expenses of litigation.

45.     Defendants willfully violated Mr. Payne's rights under the overtime pay provision of the FLSA.

## COUNT III: UNLAWFUL RETALIATION UNDER THE FLSA

46.     Plaintiff restates the allegations in Paragraphs 11 - 35 as if fully set forth.

47.     In or about April 2024, Mr. Payne engaged in protected activity by inquiring of Defendants his entitlement to be paid overtime wages and by bringing a complaint to the attention of the Georgia Department of Labor.

48.     On or about May 24, 2024, Defendants constructively terminated Mr. Payne's employment by failing and refusing to pay him any wages.

49.     There was a causal connection between Mr. Payne's protected activity and his constructive termination.

50.     As a result of Defendants' unlawful and retaliatory conduct, Mr. Payne has suffered damages in an amount to be specifically proven at trial.

9

## COUNT IV: CLAIM FOR UNPAID REGULAR WAGES

51.    Plaintiff restates the allegations in Paragraphs 11 - 35 as if fully set forth.

52.    Defendants failed and refused to pay Mr. Payne his regular wages for the last two bi-weekly pay periods during which he provided services to Defendants.

53.    Mr. Payne has been harmed by Defendants' failure to pay him his regular wages for the last two pay periods in an amount to be specifically proven at trial.

54.    Defendants' failure and refusal to pay Mr. Payne his regular wages constituted bad faith and has caused Mr. Payne unnecessary trouble and expense for which he should recover his attorney's fees and litigation expenses under Georgia law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a.    The Court award him the value of all his unpaid wages plus pre-judgment interest;

b.    The Court award him liquidated damages in an amount equal to the amount of all unpaid wages to Plaintiff, pursuant to 29 U.S.C. § 216(b);

c.    The Court award him damages for Defendants' retaliatory conduct;

d.     The Court award him reasonably incurred attorney's fees and expenses of litigation pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11; and

e.     The Court grant him all other relief as is just and proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
d.fuchs@swtwlaw.com                    Attorney for Plaintiff

11