IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| RANDOLPH PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 4:25-cv-00221-WMR |
| v. | ) | |
| | ) | |
| SPRINGFIELD INVESTMENTS, | ) | JURY TRIAL DEMANDED |
| LLC AND MOHAMMED ABBASI, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

**(1)  State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**RESPONSE:**

This civil action is brought pursuant to the Fair Labor Standards Act for alleged non-payment of the federal minimum wage, overtime wages and for unlawful retaliation under the FLSA, and for non-payment of regular wages under state law.

The legal issues raised by Plaintiff are as follows:

(1) Whether Defendants violated the minimum wage provision of the FLSA by failing to pay him at least the federal minimum wage for each hour worked during any given workweek;

(2) Whether Defendants violated the overtime pay provision of the FLSA by failing to pay him an overtime premium for any overtime hours worked;

(3) Whether Defendants unlawfully retaliated against Plaintiff after he engaged in protected activity under the FLSA;

(4) Whether Plaintiff is entitled to liquidated damages on unpaid minimum and overtime wages;

(5) Whether Plaintiff is entitled to recover from Defendant his unpaid regular wages;

(6) Whether Plaintiff is entitled to recover his reasonably incurred attorney's fees and expenses of litigation.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

**RESPONSE:**

29 U.S.C. § 201, *et seq.* and relevant case law decided thereunder.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

RESPONSE:    SEE ATTACHMENT A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

RESPONSE:    SEE ATTACHMENT B.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

RESPONSE:    SEE ATTACHMENT C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or

describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.R. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:** SEE ATTACHMENT D.

(7) Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** Plaintiff has no knowledge of whether any insurance agreement exists.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE:** Plaintiff is unaware of any entity with a subrogation interest in the cause of actions set forth in Plaintiff's Complaint.

This 29th day of September 2025.

                                                   Respectfully submitted,

                                                   */s/ Dean R. Fuchs*
                                                   DEAN R. FUCHS
                                                   Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
d.fuchs@swtwlaw.com

                                                 Attorney for Plaintiff

## ATTACHMENT A

## (POSSIBLE WITNESSES)

a. Randolph ("Randy") Payne; Plaintiff. Please contact through Plaintiff's counsel.

b. Springfield Investments, LLC, Defendant.

c. Mohammed Abbasi, Defendant.

d. Other current and former employees of Defendants whose identities have not yet been discovered.

## ATTACHMENT B

## (EXPERT WITNESSES)

Plaintiff has not identified any expert witness to testify in this action, and, at this time, does not expect to call an expert witness. Plaintiff will seasonably supplement his response to these Initial Disclosures as required by law.

## **ATTACHMENT C**

**(DOCUMENTARY AND PHYSICAL EVIDENCE)**

At this early stage of the litigation, Plaintiff anticipates seeking the discovery of employment records, payroll records, time-sheet records, employment policies/rules, job descriptions and other documents related to the terms and conditions of Plaintiff's employment.

## ATTACHMENT D

## (COMPUTATION OF DAMAGES)

Plaintiff seeks all authorized relief under the FLSA including without limitation unpaid overtime wages, liquidated damages, reasonable attorney's fees and expenses of litigation, all in an amount to be determined during discovery and proven at trial.

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that this document was created using 14-point Times New Roman font size and that true and correct copy of the above was filed with the Court's CM/ECF system on September 29, 2025, which will generate electronic service upon all attorneys/parties of record.

                                                  */s/ Dean R. Fuchs*
                                                  DEAN R. FUCHS
                                                  Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
(404) 688-6840 facsimile
d.fuchs@swtwlaw.com

                                                  Attorney for Plaintiff